IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 16 2005

GREGORY C. LANGHAM
CLERK

Civil Action No. 05-cv-00576-OES

REV. DEREK W. BARRINGER, PHD.,

    Plaintiff,

v.

WACKENHUT SERVICE, INC., and
PAROLE BOARD OF THE STATE OF COLORADO,

    Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AN AMENDED COMPLAINT

---

Plaintiff Rev. Derek W. Barringer, Phd., is incarcerated at the Colorado Department of Corrections and currently is held at the Denver Reception and Diagnostic Center. On March 21, 2005, Plaintiff submitted a Prisoner Complaint to the Court. The Court must construe the Complaint liberally, because Plaintiff is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If a complaint reasonably can be read "to state a valid claim on which [a] plaintiff could prevail, [a court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, a court should not act as a *pro se* litigant's advocate. *See id.*

In the Complaint, Plaintiff alleges one claim, that during his transport from Florida to Colorado, he was denied a "no meat diet." He further asserts that he is a Hebrew Israelite and that denying him a non-meat diet is a violation of his constitutional rights. Plaintiff seeks monetary damages. He contends that he was not able to exhaust his administrative remedies, because his transport was complete before he had time to do so.

Plaintiff must allege personal participation by the person responsible for denying him a non-meat diet. **See Bennett v. Passic**, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, a plaintiff must show that each defendant caused the deprivation of a federal right. **See Kentucky v. Graham**, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. **See Butler v. City of Norman**, 992 F.2d 1053, 1055 (10th Cir. 1993). Plaintiff does not state that either Defendant is the party responsible for denying him a non-meat meal.

Therefore, Plaintiff will be directed to amend the Complaint, if he desires to pursue his claims, to assert as a named Defendant the individual responsible for denying Plaintiff's request for a non-meat meal and specifying the length of time he was denied a non-meat diet. Although Plaintiff refers to a transporting officer, he provides no identifying information regarding the individual.

Plaintiff also states on page three of the complaint form that "[a]s for the others thay [sic] [ ] had chose a company that dose [sic] not go by an inmates [sic] civil rights." It is not clear to the Court what Plaintiff is attempting to assert. To the extent he is attempting to allege a claim against Defendant Wackenhut Service, Inc., the claim may

be dismissed, because the assertions fail to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.  *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).  The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes.  *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).  Plaintiff's assertion regarding a company and that company's violation of inmates' civil rights does not meet Rule 8 requirements and is subject to dismissal.

A decision to dismiss a claim pursuant to Rule 8 is within the trial court's sound discretion.  *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969).  The Court finds that Plaintiff's attempt to assert a claim against Defendant Wackenhut Services, Inc. does not meet the requirements of Fed. R. Civ. P. 8(a).  Nonetheless, Plaintiff will be given an opportunity to file an Amended Complaint that clarifies the claims for relief he is asserting.  Accordingly, it is

ORDERED that Plaintiff file, **within thirty (30) days from the date of this Order**, an Amended Complaint that complies with this Order.  It is

FURTHER ORDERED that the Amended Complaint shall be titled, "Amended Prisoner Complaint," and shall be filed with the Clerk of the Court for the United States

District Court for the District of Colorado at the Alfred A. Arraj U.S. Courthouse, 901 Nineteenth Street, Room A-105, Denver, Colorado 80294-3589. It is

FURTHER ORDERED that the Clerk of the Court mail to Plaintiff, together with a copy of this Order, two copies of the Prisoner Complaint form. It is

FURTHER ORDERED that Plaintiff submit sufficient copies of the Amended Complaint to serve each named Defendant. It is

FURTHER ORDERED that, if Plaintiff fails to file, **within thirty (30) days from the date of this Order**, an original and sufficient copies of an Amended Complaint that complies, to the satisfaction of the Court, with this Order the action will be dismissed without further notice.

DATED at Denver, Colorado, this 15th day of August, 2005.

BY THE COURT:

BOYD N. BOLAND
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 05-cv-00576-OES

Derek W. Barringer
Prisoner No. 113974
DRDC
PO Box 392004
Denver, CO 80239-8004

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on _8-16-05_

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk