IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Phillip S. Figa

Civil Action No. 05-cv-00576-PSF-CBS

DEREK W. BARRINGER,

    Plaintiff,

v.

WACKENHUT SERVICE INC.; and
PAROLE BOARD OF THE STATE OF COLORADO,

    Defendants.

---

**ORDER DENYING PLAINTIFF'S REQUESTS FOR
RECUSAL OR DISQUALIFICATION**

---

THIS MATTER is before the Court on *pro se* plaintiff Derek W. Barringer's "Motion Chage [sic] of Judge" filed on October 27, 2005 (Dkt. # 14), requesting the undersigned to "step down from the case . . . do [sic] to a conflict of intrest [sic]," and his filing on October 28, 2005, "To Romove [sic] the Magistrate Asign [sic] to the Above Case" (Dkt. # 21), requesting the assigned Magistrate Judge's removal due to the alleged fact that the named judicial officer is "the victim" of a crime for which plaintiff is accused of committing in a pending criminal case over which the undersigned also presides.

The Court construes the earlier motion (Dkt. # 14) as one for disqualification of the undersigned from this case under 28 U.S.C. § 455(a) for lack of impartiality, or for recusal under 28 U.S.C. § 144 on the grounds of bias or prejudice. Title 28 U.S.C. § 144 provides that a party seeking recusal must submit "a timely and sufficient

affidavit" supporting the claim of bias or prejudice, which Mr. Barringer has not done. However, the Court will treat the motion itself as having been sworn under oath. The motion is DENIED for the following reasons:

When called upon to determine whether under 28 U.S.C. § 455(a) a lack of impartiality justifies disqualification, "'[t]he test is whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality.'" *Bryce v. Episcopal Church in the Diocese of Colo.*, 289 F.3d 648, 659 (10th Cir. 2002) quoting *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987).  An objective test is to be employed–the inquiry is limited to outward manifestations and reasonable inferences to be drawn therefrom.  *Higganbotham v. Oklahoma ex rel. Okla. Transp. Common*, 328 F.3d 638, 645 (10th Cir. 2003).  Similarly, under 28 U.S.C. § 144, which recognizes "a personal bias or prejudice" of a presiding judge for or against a party as a basis for recusal, such bias must stem from an extrajudicial source.  *United States v. Irwin*, 561 F.2d 198, 200 (10th Cir. 1977), *cert. denied*, 434 U.S. 1012 (1978); *Davis v. Cities Serv. Oil Co.*, 420 F.2d 1278, 1282 (10th Cir. 1970).

The sole reason for recusal or disqualification asserted by Mr. Barringer is the undersigned's judicial obligation to preside over the plaintiff's criminal case, *United States v. Barringer*, 05-cr-00242-F (based on a two-count indictment charging violations of 18 U.S.C. § 876(a), (b), and (c), mailing threatening communications).  No extrajudicial circumstances or communications are advanced as reasons warranting another district judge, and the plaintiff points to no judicial action taken by the undersigned in the criminal action that would warrant recusal.  The plaintiff makes no

allegation of any ground on which a reasonable, objective person would find a lack of impartiality or a personal bias or prejudice against Mr. Barringer.  The pending criminal proceeding against Mr. Barringer, in addition to the present civil case, merely reflects the undersigned's duty of impartiality in two proceedings rather than one, and does not indicate a conflict of interest or an extrajudicial source of bias or prejudice.  Moreover, the plaintiff has not sought the undersigned's recusal from the pending criminal case.

As noted in *Bryce,* 289 F.3d at 659-60, "a judge also has as strong a duty to sit when there is no legitimate reason to recuse as he does to recuse when the law and facts require.  The recusal statute should not be construed so broadly as to become presumptive or to require recusal based on unsubstantiated suggestions of personal bias or prejudice.  The statute is not intended to give litigants a veto power over sitting judges, or a vehicle for obtaining a judge of their choice" (internal quotation marks and citations omitted).

Accordingly, for the reasons stated above, plaintiff's request for recusal or disqualification of the undersigned (Dkt. # 14) is DENIED.  Additionally, plaintiff's case was reassigned from Magistrate Judge O. Edward Schlatter to Magistrate Judge Craig B. Shaffer by Letter of the Clerk dated October 28, 2005 (Dkt. # 20).  Therefore, plaintiff's motion for removal of the Magistrate Judge is DENIED as moot.

DATED: November 2, 2005.

BY THE COURT:

*s/ Phillip S. Figa*

_____
Phillip S. Figa
United States District Judge