IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-00576-PSF-CBS

DEREK W. BARRINGER,
    Plaintiff,
v.

WACKENHUT SERVICES, INC., and
JOHN DOE OFFICER FOR WACKENHUT,
    Defendants.
_____

ORDER
_____

Magistrate Judge Craig B. Shaffer

    This civil action comes before the court on Barringer's "Motion for Transcripts at No Charge" (filed March 6, 2006) (doc. # 88). Pursuant to the Order of Reference dated October 25, 2005 (doc. # 13), the Amended Order of Reference dated November 2, 2005 (doc. # 22), and the memorandum dated March 6, 2006 (doc. # 89), this matter was referred to the Magistrate Judge. The court has reviewed Barringer's motion, the entire case file, and the applicable law and is sufficiently advised in the premises.

    Barringer asks the court to provide him a transcript of a status conference and motions hearing held on February 21, 2006. On July 22, 2005, Barringer was granted leave to proceed in this case *in forma pauperis* pursuant to 28 U.S.C. §1915. Pursuant to §1915(c),

> [u]pon the filing of an affidavit in accordance with subsections (a) and (b) and the prepayment of any partial filing fee as may be required under subsection (b), the court may direct payment by the United States of the expenses of (1) printing the record on appeal in any civil or criminal case,

1

> if such printing is required by the appellate court; (2) preparing a transcript of proceedings before a United States magistrate in any civil or criminal case, if such transcript is required by the district court, in the case of proceedings conducted under section 636(b) of this title or under section 3401(b) of title 18, United States Code; and (3) printing the record on appeal if such printing is required by the appellate court, in the case of proceedings conducted pursuant to section 636(c) of this title. . . .

"[T]he statutory authority for charging transcription expenses to the United States for plaintiffs proceeding *in forma pauperis* is limited expressly to transcripts ordered in preparation for appellate proceedings or for district court review of matters before a magistrate judge." *Doe v. Prior*, 61 F. Supp. 2d 1235, 1236 (M.D. Ala. 1999).

Here, a transcript of the February 21, 2006 hearing has not been required by the district or appellate courts. The court knows of no requirement for the Defendants or the United States to pay for a transcript of the February 21, 2006 hearing when not "required by the district court" or "required by the appellate court." 28 U.S.C. § 1915(c). Barringer's request for a free transcript does not implicate his ability to present a defense to a criminal case or to pursue a statutory appeal procedure. The court concludes that § 1915 does not require the Defendants or the United States to pay for a transcription of the February 21, 2006 hearing. Barringer may obtain a transcript at his own expense. Accordingly,

IT IS ORDERED that Barringer's "Motion for Transcripts at No Charge" (filed March 6, 2006) (doc. # 88) is DENIED.

DATED at Denver, Colorado, this 8th day of March, 2006.

BY THE COURT:

*s/Craig B. Shaffer*
United States Magistrate Judge