IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-00576-PSF-CBS

DEREK W. BARRINGER,
    Plaintiff,
v.

WACKENHUT SERVICE, INC., and
JOHN DOE OFFICER FOR WACKENHUT,
    Defendants.
_____

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

Magistrate Judge Craig B. Shaffer

    This civil action comes before the court on Barringer's Response ("Motion to Show Cause") (filed May 9, 2006) (doc. # 114) to the court's April 20, 2006 Order (doc. # 107) directing Barringer to make monthly filing fee payments or to show cause.  Pursuant to the Order of Reference dated October 25, 2005 (doc. # 13), the reassignment by random draw on October 28, 2005 (doc. # 20), and the Amended Order of Reference dated November 2, 2005 (doc. # 22), this civil action was referred to  Magistrate Judge Craig B. Shaffer to, *inter alia*, "[h]ear and determine pretrial matters, including discovery and other nondispositive motions" and "submit proposed findings of fact and recommendations for rulings on dispositive motions . . . ."  The court has reviewed Barringer's Response, the entire case file and the applicable law and is sufficiently advised in the premises.

    On July 22, 2005, the court granted Barringer leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  (*See* doc. # 5).  While the court permitted Barringer to proceed with this civil action without payment of his initial partial filing fee, the court ordered that Barringer remained "obligated to pay the required $250.00 filing fee through monthly installments as directed . . . ."  (July 22, 2005 Order at p. 2).  Title 28 U.S.C. §1915(b)(2) requires that a prisoner "make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account."  Thus, the court ordered

Barringer to "make monthly payments to the Court of twenty percent of the preceding month's income credited to his account or show cause why he has no assets and no means by which to make each monthly payment." (July 22, 2005 Order at p. 2). Barringer was directed that, in order to show cause, he *"must file a current certified copy of his trust fund account statement."* (July 22, 2005 Order at p. 3 (emphasis added)). Barringer was warned that failure to comply with these requirements may result in dismissal of his complaint without further notice. (July 22, 2005 Order at p. 3).

The court has advised Barringer more than once that he is required to make monthly payments of twenty percent (20%) of the preceding month's income credited to his trust fund account or show cause each month why he has no assets and no means by which to make the monthly payment. (*See* July 22, 2005 "Order Granting Plaintiff Leave to Proceed Pursuant to 28 U.S.C. § 1915 Without Payment of an Initial Partial Filing Fee" (doc. # 5), December 12, 2005 "Order Directing Plaintiff to Make Monthly Filing Fee Payment or to Show Cause" (doc. # 40)). On April 20, 2006, the court ordered Barringer to make monthly filing fee payments or to show cause for his failure to comply with the court's July 22, 2005 Order (doc. # 5) and the court's December 12, 2005 Order (doc. # 40). The court ordered that on or before May 5, 2006, "Barringer shall make the required monthly payments of 20 percent of each month's income credited to his inmate trust account for the months of August, September, October, November, and December 2005, and January, February, March, and April 2006 or shall show cause why he cannot make the required monthly payments by filing a certified copy of his inmate trust account statement for the months preceding August, September, October, November, and December 2005 and January, February, March, and April 2006. " (*See* April 20, 2006 Order Directing Plaintiff to Make Monthly Filing Fee Payments or to Show Cause (doc. # 107)).

Since the court granted him permission to proceed without payment of an initial

partial filing fee, Barringer has not made a single monthly partial filing fee payment. Barringer filed a letter on October 27, 2005 stating that he is "unable to pay on the $250.00" (*see* doc. # 15). On December 22, 2005, Barringer filed two responses to the court's December 12, 2005 Order stating that "the Denver County Jail has refused to give [him] a certified copy of his account balance." (*See* docs. # 49 and # 50). On January 13, 2006, Barringer filed a notice that "the jail will not give me a certified copy of my account." Since April 4, 2005, Barringer has submitted two account statements (docs. # 72 and # 110). Barringer's most recent account statement indicates that he received deposits of $213.25, $25.00, and $10.00 since December 1, 2005. (*See* doc. # 110). However, Barringer sent no partial filing fee payment to the court. In response to the court's April 20, 2006 Order, Barringer states that "he had filed a motion for leave in with out [sic] payment of fees which was denied as unnecessary. Also that the Plaintiff had filed a [sic] inmate account balance sheet with the court." (*See* doc. # 114).

Barringer does not meet his monthly payment obligation by merely receiving leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 without payment of his initial partial filing fee. Nor is it sufficient for Barringer to meet his monthly payment obligation only when specifically directed by the court by an order to pay or show cause.

Accordingly,

IT IS RECOMMENDED that this civil action be dismissed for failure to comply with 28 U.S.C. § 1915, the court's July 22, 2005 "Order Granting Plaintiff Leave to Proceed Pursuant to 28 U.S.C. § 1915 Without Payment of an Initial Partial Filing Fee" (doc. # 5), the court's December 12, 2005 "Order Directing Plaintiff to Make Monthly Filing Fee Payment or to Show Cause" (doc. # 40), and the court's April 20, 2006 Order Directing Plaintiff to Make Monthly Filing Fee Payments or to Show Cause (doc. # 107).

**Advisement to the Parties**

Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the magistrate judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).

The district judge shall make a *de novo* determination of those specific portions of the proposed findings or recommendations to which specific objection is made. 28 U.S.C. § 636(b)(1). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. *See In re Griego*, 64 F.3d at 583; *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). The district judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1).

"[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *One Parcel of Real Property*, 73 F.3d at 1060. Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (district court's decision to review a magistrate's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to

object to certain portions of the magistrate's order, cross-claimant had waived its right to appeal those portions of the ruling);  *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate's ruling).  *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

DATED at Denver, Colorado, this 11th day of May, 2006.

BY THE COURT:

*s/Craig B. Shaffer*
United States Magistrate Judge